IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30932
Conference Calendar

_____


REGINALD THOMAS,

                                        Plaintiff-Appellant,

versus

KENNETH JOHNSON; C.M. LENSING;
RICHARD L. STALDER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-227-D
--------------------
December 11, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:*

     Reginald Thomas, Louisiana inmate # 169499, appeals the

dismissal of his 42 U.S.C. § 1983 suit.  Thomas alleged that

sanctions imposed following a disciplinary hearing were unlawful

and that the Secretary of the Louisiana Department of Public

Safety and Corrections improperly declined to consider his

appeal.  The district court dismissed the complaint as frivolous

and for failure to state a claim.

     Thomas' brief contains no record citations and no citations

to legal authorities.  Thomas has attempted to incorporate by

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reference certain district court pleadings.  The incorporation by reference of district court pleadings is not permitted.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Although this court liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and comply with the standards of Rule 28 of the Federal Rules of Appellate Procedure. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).  The Federal Rules of Appellate Procedure require the parties to provide references to the page number of the record to support statements of fact.  See Fed. R. App. P. 28(a)(7) and (9)(A); 5th Cir. R. 28.2.3.  Rule 28(a)(9)(A) also requires the argument to contain citations to the authorities relied on.  Additionally, Thomas' brief fails to identify any error in the district court's legal analysis that his allegations, accepted as true, do not state a claim.  Thomas has not adequately briefed any argument relating to the district court's reasons for dismissal.  Failure by the appellant to identify any error in the district court's analysis or its application to the facts of his case is the same as if the appellant had not appealed that judgment.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Thomas' appeal is inadequately briefed, and we thus DISMISS the appeal as frivolous.  5th Cir. R. 42.2.  The dismissal of the instant appeal as frivolous and the district court's dismissal of his civil rights complaint as frivolous each count as a "strike" under the three-strikes provision of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).

Thomas is cautioned that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.